[678 NYS2d 742]

In the Matter of THOMAS N. LYONS (Admitted as THOMAS NICH-OLAS LYONS), an Attorney, Respondent. GRIEVANCE COM-MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 19, 1998

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Sharon M.J. Commissiong* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On April 15, 1998, the respondent pleaded guilty in the County Court, Nassau County, to the crime of criminal possession of a forged instrument in the second degree, a class D

felony, in violation of Penal Law § 170.25, before the Honorable Jules E. Orenstein. During the plea allocution, the respondent admitted that between approximately September 16, 1997 and September 27, 1997, he knowingly had in his possession in Nassau County an instrument that he knew to be a forged instrument, specifically, an instrument which purported to be a judgment of divorce, but which bore a false signature of a judicial officer.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and ALTMAN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas N. Lyons, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas N. Lyons is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.